In the Matter of STEPHEN V. STAEHLE (Admitted as STEPHEN VINCENT STAEHLE), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 8, 1993

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Maryann Yanarella* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

In this proceeding the respondent is charged with 10 allegations of professional misconduct. Charge One alleges that the respondent neglected an appeal assigned to him by the Appellate Division, Second Judicial Department. On or about November 14, 1989, the respondent was assigned to an appeal but thereafter took no material steps to perfect the appeal. On or about June 5, 1991, the respondent was relieved as the attorney, on the court's own motion.

Charge Two alleges that the respondent has been guilty of engaging in conduct which adversely reflects on his fitness to practice law by failing to respond to inquiries from the Clerk of the Appellate Division, Second Judicial Department, as to the status of the appeal assigned to the respondent on November 14, 1989. On or about July 12, 1990, January 24, 1991, May 2, 1991, and May 21, 1991, the Clerk of the Appellate Division sent letters to the respondent requesting that he submit a response as to the status of the assigned appeal. The respondent failed to reply to these letters.

Charge Three alleges that the respondent has been guilty of engaging in conduct which adversely reflects on his fitness to practice law by failing to cooperate with an investigation of the Grievance Committee for the Ninth Judicial District. On or about June 10, 1991, a copy of the complaint of the Clerk of the Appellate Division was sent to the respondent with a letter requesting that he submit an answer within 10 days of his receipt of the letter. The letter advised that an unexcused failure to reply constitutes professional misconduct independent of the merits of the complaint. The respondent failed to answer. Two additional letters, dated June 28, 1991, and July 19, 1991, were sent to the respondent requesting a response and informing him that failure to reply constitutes professional misconduct independent of the merits of the complaint. The respondent failed to answer both of these letters. On or about October 11, 1991, the respondent was personally served with an order to show cause dated October 3, 1991. Annexed thereto was a copy of the complaint of the Clerk of the Appellate Division. The respondent failed to submit an answer to the complaint.

Charge Four alleges that the respondent neglected an appeal assigned to him by the Appellate Division, Second Judicial Department. On or about September 18, 1990, the respon-

dent was assigned an appeal by the Appellate Division, Second Judicial Department, but thereafter the respondent took no material steps to perfect the appeal. On or about September 3, 1991, the respondent was relieved as attorney on the court's own motion.

Charge Five alleges that the respondent has been guilty of engaging in conduct which adversely reflects on his fitness to practice law by failing to respond to inquiries from the Clerk of the Appellate Division as to the status of his assigned appeal. On or about May 2, 1991, May 20, 1991, June 17, 1991, and June 25, 1991, the Clerk of the Appellate Division sent letters to the respondent requesting that he submit a response as to the status of his assigned appeal. The respondent failed to reply to these letters.

Charge Six alleges that the respondent has been guilty of engaging in conduct which adversely reflects on his fitness to practice law by failing to cooperate with an investigation of the Grievance Committee for the Ninth Judicial District. On or about August 1, 1991, a copy of the complaint of the Clerk of the Appellate Division, Second Judicial Department, was sent to the respondent at two addresses by certified mail, return receipt requested, with a letter requesting that he submit an answer within 10 days of his receipt of the complaint. The letter advised that an unexcused failure to reply constitutes professional misconduct independent of the merits of the complaint. That material was returned by the post office. On or about August 15, 1991, a second letter was sent to the respondent by certified mail, return receipt requested. This letter was returned by the post office as "Unclaimed". On or about September 4, 1991, another letter was sent to the respondent both by certified mail, return receipt requested, and by regular mail. The return receipt card is dated September 7, 1991, and is signed "L. Staehle". The respondent failed to submit an answer within 10 days from the date of the return receipt.

On or about October 8, 1991, a letter was received by the Grievance Committee in which the respondent states that he had received a copy of the letter dated September 4, 1991, and that a copy of the complaint was not included in the papers. On or about October 11, 1991, the respondent was served with an order to show cause dated October 3, 1991. Annexed to the order to show cause was a copy of the complaint of the Clerk of the Appellate Division. The respondent failed to submit an answer.

Charge Seven alleges that the respondent neglected an appeal assigned to him by the Appellate Division, Second Judicial Department. On or about January 2, 1990, the respondent was assigned an appeal but thereafter the respondent took no material steps to perfect the appeal. On or about July 18, 1991, the respondent was relieved as attorney on the appeal on the court's own motion.

Charge Eight alleges that the respondent has been guilty of engaging in conduct which adversely reflects on his fitness to practice law by failing to respond to inquiries from the Clerk of the Appellate Division, Second Judicial Department, as to the status of the assigned appeal. On or about May 13, 1991, and June 27, 1991, the Clerk of the Appellate Division sent letters to the respondent requesting that he submit a response as to the status of the assigned appeal. The respondent failed to reply to these letters.

Charge Nine alleges that the respondent has been guilty of engaging in conduct which adversely reflects on his fitness to practice law by failing to cooperate with an investigation of the Grievance Committee for the Ninth Judicial District. On or about August 1, 1991, a copy of the complaint of the Clerk of the Appellate Division, Second Judicial Department, was sent to the respondent at two addresses by certified mail, return receipt requested, with a letter requesting that he submit an answer to the complaint within 10 days of receipt. The letter advised that an unexcused failure to reply to the complaint constitutes professional misconduct independent of the merits of the complaint. This letter was returned by the post office. A second letter was sent on or about August 15, 1991. This letter was returned as "Unclaimed". A third letter was sent on or about September 4, 1991. This letter was returned to the post office as "Unclaimed". On or about October 11, 1991, the respondent was served with an order to show cause dated October 3, 1991. Annexed thereto as an exhibit was a copy of the complaint of Clerk of the Appellate Division. The respondent has failed to submit an answer to the complaint.

The Special Referee sustained the first nine charges but did not sustain Charge Ten. The petitioner moves to confirm in part and to disaffirm in part the report of the Special Referee.

After a review of the evidence, we find that Charges One through Nine were properly sustained by the Special Referee. Accordingly, the petitioner's motion is granted to the extent

that it seeks to confirm the report of the Special Referee with respect to Charges One through Nine, and is otherwise denied.

In determining an appropriate measure of discipline to impose, we note specifically that the respondent has consistently ignored all communications from the Clerk of this Court. We find the respondent's conduct to be a blatant disregard of this Court and as such, we find his actions indefensible. We further find that this conduct, coupled with the respondent's failure to cooperate with the Grievance Committee and the respondent's neglect of assigned appeals, warrants a three-year suspension from the practice of law.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted to the extent that it seeks to confirm the report and is otherwise denied; and it is further,

Ordered that the respondent, Stephen V. Staehle, is suspended from the practice of law for a period of three years, commencing immediately and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of that period of three years, should he be so advised, upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (see, 22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Stephen V. Staehle, is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.