[620 NYS2d 443]

In the Matter of STEPHEN V. STAEHLE (Admitted as STEPHEN VINCENT STAEHLE), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 27, 1994

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Maryann Yanarella* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was served with a petition containing three charges of professional misconduct. The Special Referee sustained all three charges. The Grievance Committee moves to confirm the Special Referee's report. The respondent has submitted no response to the motion.

Charge One of the petition alleged that the respondent engaged in conduct prejudicial to the administration of justice and adversely reflecting on his fitness to practice law in that he failed to file an affidavit of compliance with a decision and order on motion dated January 23, 1992, which suspended him from the practice of law pending the outcome of a disciplinary proceeding. On or about February 6, 1992, the petitioner was personally served with a copy of that decision and order on motion, with notice of entry, and with the notice of petition and petition. At the same time, a copy of the Court Rules Governing the Conduct of Disbarred, Suspended or Resigned Attorneys (22 NYCRR 691.10) was served upon the respondent.

22 NYCRR 691.10 (f) requires a suspended attorney to file an affidavit with the clerk of this Court showing proof of compliance with the order suspending the attorney and the Court rules and setting forth the residence of the respondent or some other address where communications should be directed. The respondent was also required to serve a copy of the affidavit upon the petitioner.

Charge Two alleged that the respondent engaged in conduct prejudicial to the administration of justice and adversely reflecting on his fitness to practice law. The respondent appeared at the petitioner's offices on April 24, 1992 and May 7, 1992, for a hearing with respect to pending charges. By opinion and order dated February 8, 1993, the report of the Special Referee sustaining nine charges of professional misconduct against the respondent was confirmed and the respondent was suspended from the practice of law for three years (Matter of Staehle, 187 AD2d 208). A copy of the opinion and order of suspension with notice of entry was personally served on the respondent on or about February 13, 1993, along with a copy of the Court rules. The respondent admitted service. The respondent failed to serve or file an affidavit of compliance as required.

Charge Three alleged that the respondent engaged in conduct prejudicial to the administration of justice and adversely

reflecting on his fitness to practice law in that he practiced law after the effective dates of his suspensions. On or about February 28, 1992, the respondent filed a demand for arbitration in the matter of *Lena Staehle v Apartment Furniture Rental Assocs.* The respondent continued to represent Lena Staehle in that proceeding through approximately March 16, 1993.

After reviewing the evidence adduced, we conclude that the Special Referee properly sustained all three charges. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's argument that a layperson may practice before an arbitration panel. Nevertheless, the evidence reveals that the respondent prepared documents on which he was designated as attorney, submitted correspondence on his attorney stationery, and generally acted as an attorney for his former wife in the arbitration proceeding even after his suspension. In the absence of any mitigating factors, the respondent is disbarred for his continuing professional misconduct.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Stephen V. Staehle, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stephen V. Staehle is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any

court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.